JULIUS MARR, Respondent, v. JOHN L. ZEIDLER, Appellant.

Kansas City Court of Appeals, May 23, 1910.

1. **PLEADING: Proof.** Notwithstanding the liberality of code pleading, the *probata* must follow the *allegata*.

2. **COUNTERCLAIM: Bills and Notes: Want of Consideration: Pleading: Sufficiency of Evidence.** Defendant by way of counterclaim set up a note executed by plaintiff. In his reply plaintiff charged that when said note was executed it was agreed "that said note was to be held as a mere memorandum by the defendant until certain stock in a certain corporation should be transferred to defendant." Plaintiff also alleged in his reply "that said note was given as a mere memorandum and that it was without any consideration whatever." These allegations are separate and distinct averments made to meet different phases of proof, and the insufficiency of the evidence to support the first allegation will not prevent the submission of the issue raised by the latter allegation, on which there was substantial evidence.

3. ——: ——: ——: ——. Under the evidence in this case it was a question for the jury whether the note sued on in the counterclaim was or was not without consideration.

4. ——: ——: ——: **Practice: Parties Bound by Position Taken on Trial.** Where defendant joined with plaintiff in trying this case on the theory that the general issue of lack of consideration was in the case, it ought not be heard in this court to say that, under the pleadings, the case should not have been submitted on that theory.

5. ——: ——: ——: ——. Ordinarily a plaintiff, having the right to dismiss his case and begin it again in case of an adverse ruling, is held to have voluntarily chosen every position taken by him. A defendant, however, having to remain in court against his will, if forced by adverse ruling to abandon one position and fall back on another, does not thereby ordinarily forfeit his right to complain of such rulings if he preserves his exceptions. But when a defendant is not compelled to abandon a position, but voluntarily does so, and chooses the ground on which he will fight, he is bound by his choice and will not be heard to complain of the ground he chose.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman*, Judge.

AFFIRMED.

*Brown & Dolman* for appellant.

(1) There was an entire failure of proof on the part of the plaintiff to sustain the allegations of his reply. When confronted with the certificate of stock, showing on its face to have been issued to defendant on April 5, 1902, plaintiff admitted that the stock was transferred to defendant at that time and that he had entirely forgotten the transactions. His entire defense thereupon failed. Wesley v. Bowers, 58 Mo. App. 419; Sec. 798 R. S. 1899; Gray v. Race, 51 Mo. App. 553; Faulkner v. Faulkner, 73 Mo. 327; Bircher v. Boemler, 204 Mo. 554. (2) The allegations of plaintiff's reply that the note was given "as a mere memorandum" to be "held as a mere memorandum," in the absence of fraud, constitute no defense. Catterlin v. Lusk, 98 Mo. App. 182; Banking Co. v. Poplin, 129 Mo. App. 121; Insurance Co. v. Winn, 125 Mo. App. 384; Cline v. Cline, 162 Mo. 544; Zellar v. Ransom, 123 S. W. 1016. (3) The reply set up an agreement to transfer stock as the consideration for executing the note, that the agreement was carried out by plaintiff and therefore the consideration failed. It is true that the reply states generally that there was no consideration for the note, but it then proceeds to specially allege facts constituting a failure of consideration and not a want of consideration. That parties are concluded by their pleadings and restricted to the maintenance of an affirmative defense to the special allegations upon which it is based is elementary law. Provines v. Wilder, 87 Mo. App. 162. (4) The agreement set up in the plaintiff's reply constituted a valid consideration for the note. Dickson v. Eames, 134 Mo. App. 377. Which

Marr v. Zeidler.

if proven by plaintiff would have constituted a good defense. He failed, however, to prove the agreement. He is bound by the statements made in his own pleadings. Knoop v. Kelsey, 102 Mo. 291. And must recover upon the case which he makes and no other. Haynes v. Town of Trenton, 108 Mo. 123; Cousins v. Bowling, 100 Mo. App. 452. (5) He cannot admit the execution of the note, set up a valid consideration which afterwards failed, and then upon failure to prove a failure of the consideration pleaded, seek a recovery upon the ground that there was no consideration whatever in the first instance. Marcum v. Smith, 26 Mo. App. 460. To permit this to be done would be to allow plaintiff to contradict his own pleadings, which the law will not permit. Wilson v. Albert, 89 Mo. 537; Bruce v. Sims, 34 Mo. 246; Railroad v. Iron Works, 117 Mo. App. 153.

*Brewster, Ferrell & Mayer* for respondent.

(1) If the reply pleaded no consideration, and also pleaded failure of consideration, the reply simply pleaded two defenses which might be inconsistent with each other. The defendant raised no objection to any such inconsistency, but on the contrary offered its only instruction on the theory that the reply was merely a plea of no consideration. Not having objected to the alleged inconsistency in the trial court, it is now too late. Paul v. Leeper, 98 Md. App. 515; Dawson v. Quillem, 61 Mo. App. 672, 676. (2) Appellant interpreted the reply as a plea of no consideration and tried the case in the court below on the theory that the reply pleaded no consideration and he cannot on appeal adopt any different theory. Bank v. Ross, 9 Mo. App. 399; Bowman v. Stiles, 34 Mo. 141; Walker v. Owens, 79 Mo. 563; Heffernan v. Ragsdale, 199 Mo. 382.

JOHNSON, J.—Plaintiff sued to recover $3154.23, money had and received by defendant for plaintiff. In his answer and counterclaim defendant admitted re-

ceiving the money for plaintiff but alleged that plaintiff was indebted to him in the sum of the principal and interest of a promissory note for $1500, executed and delivered by plaintiff to defendant April 3, 1903, due six months after said date and bearing six per cent interest per annum from maturity. The amount claimed to be due on the note was $2026.73, and defendant offered to pay the difference between his indebtedness to plaintiff and the amount of said note, to-wit, $1127.50. The important part of the reply filed by plaintiff is as follows:

"Replying to the aforesaid counterclaim pleaded by defendant in defendant's answer, plaintiff states that on the 3d day of April, 1903, he did execute a promissory note to the defendant herein, but plaintiff states that said note was given as a mere memorandum and that it was given without any consideration whatever; that at the time said note was given to defendant by plaintiff, it was understood and agreed between plaintiff and defendant that said note was to be held as a mere memorandum by the defendant until certain stock in a certain corporation, which said stock belonged to defendant, but was held in the plaintiff's name, should be transferred to the defendant and that upon the transfer of the said stock, said note should be destroyed. Plaintiff further states that subsequent to the making and delivery of said note to the defendant, said stock was transferred to the defendant herein and that at the time of said transfer of said stock to the defendant, the defendant again agreed to destroy said note. Plaintiff denies that he did at any time pay any interest whatever on said note."

The reply was verified by the oath of the plaintiff. It will be observed that the controversy between the parties as outlined by the pleadings is confined entirely to the counterclaim. At the trial, defendant voluntarily assumed the burden of proof and introduced evidence which disclosed the following state of facts. The parties

are brothers-in-law.    Defendant is much older than plaintiff and for many years before his marriage, plaintiff lived with defendant as a member of defendant's family.   In 1902, defendant became the trustee in bankruptcy of a hardware store where plaintiff had been employed .  The stock had to be sold at trustee's sale and, as plaintiff desired to continue in the business as manager, instead of employee, defendant helped him organize a corporation to buy the stock and continue the business.   Accordingly a corporation was organized with a capital stock of six thousand dollars, divided into sixty shares of the par value of one hundred dollars each, and five thousand dollars of the capital stock was paid in by the subscribers and plaintiff subscribed for twenty-nine shares for which he actually paid twenty-five hundred dollars.   Of the remainder, George Germandt subscribed twenty-nine shares and William Germandt two shares. The corporation obtained the stock at the trustee's sale and engaged in the business of retail hardware dealer. To pay for his stock plaintiff obtained one thousand dollars from his father and borrowed one thousand five hundred at a bank, giving his note therefor.   Defendant signed the note as surety and, to secure him against loss, plaintiff caused the corporation to issue to defendant a certificate for fifteen shares of the capital stock.    Defendant held this stock as security.   A year later, defendant paid the note at the bank; took from plaintiff the note in controversy and, thereafter, held the certificate of stock as security for the payment of the latter note.   Some years after this, the corporation became insolvent and quit business.   In 1909, defendant, who is a real estate agent in St. Joseph, sold a farm in which plaintiff had an undivided one-sixth interest and received the proceeds of the sale, $19,600.   Plaintiff demanded of defendant payment in full of his share, $3154.23, but defendant would pay only the difference between plaintiff's share in the proceeds

of the land and the amount due on the note in controversy.

It is the contention of plaintiff that defendant did not go on the note to the bank as surety of plaintiff, but that plaintiff signed it as surety of defendant; that the proceeds of that loan were used for the benefit of defendant, who invested them in the purchase for himself of the shares of stock evidenced by the certificate afterward issued to him by the corporation and that the transaction was conducted in the manner disclosed and the note in controversy was executed by plaintiff in order that it might not appear that defendant was interested as a stockholder in the corporation that purchased the stock of goods he sold as trustee. There are other facts in the case, but those stated and those to which we shall refer hereafter, afford a sufficient understanding of the case for present purposes.

One of the instructions given at the request of plaintiff is as follows: "The court instructs the jury that if you find from the evidence that the fifteen hundred dollar note mentioned in defendant's answer and introduced in evidence was given to defendant by the plaintiff without any consideration being received by the plaintiff for the same, then said note constitutes no defense to plaintiff's suit; and if you believe said note was given to defendant without any consideration, then your verdict should be for the plaintiff in the sum of $3154.23, with interest thereon at six per cent from June 1, 1909."

At the request of defendant, the jury were instructed "that if you find from the evidence that about the time of the organization of the Germandt-Marr Hardware Company, the defendant went on plaintiff's note to the German-American Bank as security for plaintiff, and upon which plaintiff obtained fifteen hundred dollars, with which together with other moneys, he purchased a half interest for himself in said hardware company; and if you further find from the

evidence that about the same time plaintiff transferred fifteen shares of his stock in said company to defendant as security for his said endorsement or signing of said note, and you further find from the evidence that on or about April 2, 1903, defendant paid said note of said German-American Bank; and you further find from the evidence that thereupon plaintiff executed and delivered to defendant the note in controversy, and you further find from the evidence that said note in controversy is still due and unpaid, then your verdict must be for defendant."

The verdict was for plaintiff on all the issues, and the case is here on the appeal of defendant.

The first proposition of defendant is that "there was an entire failure of proof on the part of the plaintiff to sustain the allegations of his reply." We think defendant misunderstands the testimony of plaintiff. On cross-examination of plaintiff, counsel for defendant succeeded in showing that plaintiff had made an important mistake in his direct examination. He had testified that the reason he gave the note to defendant was that defendant wanted something to evidence his interest in the business to hold until his certificate of stock should be issued. Counsel on cross-examination demolished this testimony and covered the witness with confusion by confronting him with the fact that the certificate of stock was issued to defendant a year *before* the note in controversy was executed. But, notwithstanding the disclosure of this palpable error in the recollection of plaintiff with reference to events that were six or seven years past, we think his testimony, taken as a whole, shows that defendant did invest fifteen hundred dollars in the stock of the corporation and that the note in suit was without consideration. We agree with defendant that the evidence does not sustain the allegation of the reply "that said note was to be held as a mere memorandum by the defendant until certain stock in a certain corporation . .

should be transferred to the defendant," and "that notwithstanding the laxity of the code, the *probata* must still tend in the same direction as the *allegata* and not flatly contradict it." [Cosgrove v. Leonard Co., 175 Mo. 100.] But there is evidence to sustain the other averment of the reply "that said note was given as a mere memorandum and that it was given without any consideration whatever," and we do not construe the first averment quoted as a limitation of the scope of that just quoted; rather, do we regard them as separate and distinct averments made to anticipate different possible phases of proof. Plaintiff was not restricted to proof that the note was given to defendant to be held only until the certificate of stock should be issued to defendant, but might adduce any evidence tending to show an entire absence of failure of consideration. And, further, we find that throughout the trial and particularly in the instructions given at the request of defendant, we have quoted, the case was tried by both parties and the court on the theory that the general issue of a lack of consideration was in the case. Certainly the instructions are founded on that theory and we fail to find anything done by defendant at the trial to eliminate that issue. The position of a defendant with reference to waiving his rights differs materially from that of the plaintiff. If the court rules adversely to the plaintiff, he is not compelled to go on with the trial but may dismiss his suit and start over. Therefore, every position he takes during the trial is considered as voluntarily chosen. But a defendant must remain in court against his will and, if forced by adverse rulings to abandon one position and fall back on another, he does not thereby forfeit his right to complain of the ruling if he preserves his exceptions. But when a defendant is not compelled to abandon a position but voluntarily does so and chooses the ground on which he will fight, he is bound by his choice and when

the day has gone against him, will not be heard to complain of the ground he chose.

What we have said sufficiently disposes of the case. We find no error in the record, and though we feel that the verdict was against the weight of the evidence, we cannot interfere with the judgment on this ground.

The judgment is affirmed. All concur.